## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ANGELA LEE J.,

                Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

                Defendant.

Case No. 19-CV-400-FHM

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]    Plaintiff's October 5, 2015, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Lantz McClain  was held June 25, 2018. By decision dated July 12, 2018, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on May 17, 2019.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the amended alleged onset of disability date and 46 on the date of the ALJ's denial decision.  She has a high school education and formerly worked as a rubber cutting machine tender.  She claims to have been unable to work since June 23, 2016 as a result of fibromyalgia, bilateral carpal tunnel syndrome, degenerative disc disease, history of knee pain, history of foot surgeries, and obesity.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), as follows:  She can occasionally lift/carry 10 pounds, frequently up to 10 pounds; stand/walk at least two hours in an eight-hour workday; sit at least six hours in an eight-hour workday; and do no more than frequent handling or fingering.  [R. 15].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative

sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence, the ALJ's credibility findings are not supported by substantial evidence, and the ALJ failed to follow expert witness testimony that was favorable to Plaintiff.

### Analysis

### RFC Finding

Plaintiff asserts that the RFC is not supported by substantial evidence because Dr. Springer, her treating physician, opined that she could only use her hands occasionally and that she could only work four hours per day. The ALJ's RFC did not include these restrictions and Plaintiff asserts that the ALJ's decision failed to provide legitimate reasons for rejecting Dr. Springer's opinions.

In cases, such as this one, filed before March 27, 2017, an ALJ is required to give controlling weight to a treating physician's medical opinion about "the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical and mental restrictions," if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). However,

even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted).  If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ acknowledged the opinions expressed by Dan J. Springer, M.D., who treated Plaintiff beginning in 2013 and throughout the period under review.  [R.. 17-18].  The record reflects that Dr. Springer completed several Capabilities and Limitations Worksheets for Aetna Life Insurance Company.  On January 16, 2016, Dr. Springer checked boxes indicating that Plaintiff could occasionally reach above her shoulders and forward, perform gross manipulation, sit, stand and walk, that she could continuously grasp and do fine manipulation, and that Plaintiff could work only 4 hours per day.  [R. 655].  On June 14, 2016, Dr. Springer completed another statement, adding that Plaintiff was unable to work at the time.  [R. 681].  On December 5, 2016, he noted Plaintiff was unable to lift, stand for long periods, walk distances, or bend.  On June 12, 2017, Aetna Life Insurance Company sent Dr. Springer a fax message stating that Aetna believed Plaintiff was capable of performing sedentary work on a full time/40 hour per week basis.  [R. 687-88].  Aetna posed the question whether Dr. Springer agreed Plaintiff had that capacity.  [R. 687].  Dr. Springer checked the box answering the query "no" and added that it was uncertain when Plaintiff would be released to work.  [R. 688].

The ALJ stated that Dr. Springer's RFC forms were basically the same.  The ALJ noted that the hand limitations in the RFC were greater than Dr. Springer's January 2016 limitations and stated he gave Dr. Springer's opinions little weight, noting that "[t]here is no

medical condition, which would reasonably limit her sitting through a normal workday." [R. 18].

Contrary to the ALJ's statement, the forms Dr. Springer completed were not all basically the same. While the January 2016 form stated Plaintiff could grasp and perform fine manipulation continuously, [R. 655], in the June and December 2016 forms, Dr. Springer opined that Plaintiff was limited to performing some of those functions frequently. [R. 681, 684]. However, the RFC does not exceed Dr. Springer's limitations for handling and fingering in that those activities are limited to no more than frequently. [R. 15]. Accordingly, the ALJ's erroneous statement presents no basis for reversal.

Plaintiff asserts that the ALJ erred in rejecting Dr. Springer's opinion that Plaintiff could only work 4 hours per day and could not work a 40-hour workweek at the sedentary exertional level. The ALJ stated "[t]here is no medical condition, which would reasonably limit her sitting through a normal workday." [R. 19]. Plaintiff has not pointed to any information in the record to support such a limitation, except to generally say that her back problems present an impairment that would limit her sitting. [Dkt. 11, p. 7]. The court finds that the ALJ's rationale for giving Dr. Springer's opinion about the ability to sit little weight is adequate and supported by substantial evidence.

<u>Vocational Expert Testimony</u>

The vocational expert was asked a series of hypothetical questions and testified that some of the limitations would preclude the ability to work. Plaintiff argues that decision is not supported by substantial evidence because the ALJ did not accept the vocational testimony related to those limitations that eliminated the ability to work.

The court rejects this as a basis for reversal of the ALJ's decision. Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). However, in posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). The ALJ accepted the vocational testimony that included the limitations the ALJ found to be present.

<u>Evaluation of Intensity, Persistence, and Limiting Effects of Symptoms</u> (Credibility)

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process the ALJ is required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10. The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

6

Plaintiff refers to this as the credibility finding and argues that the ALJ's findings were conclusory and did not discuss the required factors.  [Dkt. 11, pp. 10-13].  The court agrees.  The ALJ stated that he found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.  [R. 16].  However, the decision does not contain any explanation about the rationale for this finding, except to note that there is no documentation in recent records regarding her hand problems, and that she has not lost weight as recommended by her physicians.  This is not an adequate analysis of Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.  In making the determination, the ALJ did not discuss the factors appearing in the record such as her attempts to find relief, including her many visits to a variety of specialists, injections, use of pain medication, and side effects of medication. The failure to adequately analyze the factors set out in the Commissioner's regulations may have affected the RFC and the outcome of the ALJ's decision.  The failure of the ALJ to apply proper legal standards may be sufficient grounds for reversal independent of the substantial evidence analysis.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  The court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.  *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

7

## **<u>Conclusion</u>**

The court finds that the ALJ failed to consider the appropriate factors in assessing Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.  The ALJ's decision is REVERSED and the case is REMANDED for the ALJ to supply the analysis required by SSR 16-3p.

SO ORDERED this 19th day of October, 2020.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE