UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA L. J., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-CV-400-CDL |
| | ) |
| KILOLO KIJAKAZI, [1] | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

### I.  Background

In an Opinion and Order (Doc. 18), United States Magistrate Judge Frank H. McCarthy determined that the Administrative Law Judge (ALJ) "failed to consider the appropriate factors in assessing Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms." Judge McCarthy thus reversed and remanded the case "for the ALJ to supply the analysis required by SSR 16-3p." (*Id.* at 8). Judge McCarthy did not find that the ALJ erred with respect to any of the Plaintiff's other arguments.

Plaintiff now moves for fees under the Equal Access to Justice Act (EAJA) (Doc. 24), and the Commissioner objects and argues that the Commissioner's position was substantially justified such that a fee award is not required (Doc. 27).

---

[1] In July, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Thus, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the Defendant in this action.

## II.  Legal Standards

Under the EAJA, "a court shall award to a prevailing [plaintiff] fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). The Commissioner has the "burden of demonstrating that the government's position was substantially justified."  *Lopez v. Berryhill*, 690 F. App'x 613, 613 (10th Cir. 2017) (citing *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)).

The Commissioner's position was "substantially justified" if it was reasonable in law and in fact and "can be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007)). "The government's position can be justified even though it is not correct." (*Id.*) (internal quotation marks and citations omitted). An award of fees under the EAJA is not automatic. *See Hadden*, 851 F.2d at 1269.  However, the Tenth Circuit has held "that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"  *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). Nonetheless, the Tenth Circuit has not "categorically [stated] that a reasonable litigation position by the government can never 'cure' unreasonable agency action."  *Id.*

## III.  Analysis

Defendant argues that the Plaintiff's request for an award of fees under the EAJA should be denied because the ALJ referenced medication provided partial relief for pain,

2

(Doc. 27 at 5, citing Tr. 15), "noted favorable musculoskeletal findings" (*id.*, citing Tr. 16-18), and "noted activities in which Plaintiff engaged" (*id.* at 6, citing Tr. 14-15, 17). The Court has reviewed the cited parts of the ALJ's decision, but the referenced portions of the decision do not undermine Judge McCarthy's findings that the ALJ (1) failed to conduct the proper analysis, (2) failed to sufficiently explain consideration of the factors in SSR 16-3p, and (3) provided a conclusory analysis. (*See* Doc. 18 at 6-7); *see also* SSR 16-3p, 2017 WL 5180304 (listing factors for the ALJ to consider and stating, "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."). The Court finds that the Commissioner has not satisfied the agency's burden to show that its position was substantially justified. The ALJ did not conduct the analysis required under the Commissioner's own regulatory scheme.

Upon consideration of the motion, the Commissioner's response, the ALJ's decision, the parties' briefing, Judge McCarthy's Opinion and Order, and the legal standards applicable to motions for EAJA fees, the undersigned finds that an award of fees is required because the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hackett*, 475 F.3d at 1174 ("EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position'"). Judgment was entered in favor of the Plaintiff, and the matter was reversed and remanded because the ALJ did not conduct

3

a proper analysis of the Plaintiff's subjective symptoms.

Only reasonable fees may be awarded under the EAJA. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests a fee award of $7,218.80 for a total of 34.8 hours expended in this case. The Commissioner's response does not challenge the reasonableness of the fees sought. (*See* Doc. 27). The undersigned has reviewed the time records submitted by Plaintiff's counsel and finds them to be reasonable.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 24) is **granted**. Plaintiff is awarded EAJA attorney fees in the amount of $7,218.80, which shall be made payable to the Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 591-94 (2010). Further, if Plaintiff's counsel is paid from the EAJA fees and is also ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b)(1), counsel should refund the smaller of the EAJA award or the § 406(b) award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 18th day of August, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge